UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 2024-cr-20321**

UNITED STATES OF AMERICA,
*Plaintiff,*
v.

MALAINA CHAPMAN,
*Defendant.*

_____/

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

COMES NOW the Defendant, **MALAINA CHAPMAN,** by and through his attorney, Andrew F. Rier Esq., files these Objections in response to the Presentence Investigation Report, and states the following in support:

**1. Paragraphs 24;30; 31; 47 – The Defendant Conspired with Ms. Raisha Kelly and should be held jointly accountable for a loss of $937,716.**

The Government will request that Ms. Chapman is held jointly accountable for Ms. Raisha Kelly's criminal conduct. Specifically, Ms. Kelly applied for multiple loans on behalf of herself and others. The Government will allege Ms. Chapman aided and abetted this conduct.

Ms. Kelly was convicted of 16 counts of fraud after a jury trial. Presentence Investigation Report ("PSI") ¶ 17. At the sentencing hearing sentencing, the Honorable Judge Moreno found that Ms. Kelly was accountable for a loss of $443,895. PSI ¶ 39. Yet at the upcoming sentencing hearing, the Government will seek to establish that Ms. Kelly's conduct resulted in a loss of $837,716.

Correctly, the PSI does not adopt the loss related to Ms. Kelly's conduct. PSI ¶¶ 4;38. Per the plea agreement, the parties agreed to litigate this issue before the Court at sentencing. In the

abundance of caution, the Defendant respectfully objects to any facts contained in the PSI related to Ms. Kelly's conduct.

## 2. Paragraphs 26; 31;38 – Interest and fees paid to the Financial Institutions.

The Defendant respectfully objects to any calculation of loss that incorporates fees, loans, or other impermissible costs. The USSG Manual explicitly states, "[i]nterest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs" should not be included in the Court's loss calculation. U.S.S.G. § 2B1.1, App. Note 3(C).

The amount of loss calculated in the PSI $632,089. PSI ¶ 38. But this figure includes fees and interest charged for the PPP and EIDL Loans. PSI ¶ 26;28. For example, the SBA permitted lenders to "charge a flat servicing and packaging fee of $2,500" for each loan.[1] Ms. Chapman's PPP Loans had a 1% fixed interest rate, while the EIDL Loans had a $3.75% interest rate.

Adjusting for fees and interest, the total loss that should be attributed to Ms. Chapman is $583,707.50. This figure was calculated by subtracting the differences outlined below:

|  | PPP Loans | EIDL Loans |
|---|---|---|
|  | Paragraph 26 | Paragraph 28 |
| Loan 1 | $ 35,477.50 | $ 43,500.00 |
| Loan 2 | $ 20,833.00 | $ 48,300.00 |
| Loan 3 | $ 20,833.00 | $ 27,100.00 |
| Loan 4 | $ 17,250.00 | N/A |
|  |  |  |
| **Total** | $ 94,393.50 | $ 118,900.00 |
| PSI Calculation | $ 123,946.00 | $ 137,729.00 |
| Difference | $ 29,552.50 | $ 18,829.00 |

**($ 632,089** – $ 29,552.50 – 18,829 = **$583,707.50)**

---

[1] https://www.sba.gov/article/2023/08/10/business-loan-program-improvements#:~:text=*%20SBA%20continues%20to%20cap%20fees%20that,Lenders%20may%20charge%20certain%20technology%20service%20fees.

More significantly, the Government has informed the Defense that it will seek an additional $100,000 in loss for fees and other expenses related to Ms. Kelly's conduct. This elevates the total loss sought, as related to Ms. Kelly, from $837,716 to $937,716. Thus, even if this Court determines that Ms. Chapman is jointly accountable for the loss purportedly attributed to Ms. Kelly's applications, the $100,000 in fees should not be included in the amount of loss attributed to Ms. Chapman. If the Court sustains this objection, but incorporates the Kelly conduct, the joint loss attributable to Ms. Chapman would be $1,421,423.50.

**Paragraph 27 – Da Trap was a shell company.**

The Defendant respectfully objects to Paragraph 27 of the PSI, which states, "Da Trap was a shell company that did not appear to be involved in any legitimate business and the company was used to move fraud proceeds." Da Trap was a legitimate catering business operated by Ms. Chapman long before the pandemic occurred.[2]

For instance, Ms. Chapman registered the Da Trap as an LLC on February 17, 2020, weeks before COVID-19 took over the globe and the CARES Act was enacted.[3] Da Trap evolved over time into Upscale Eatery, a brick-and-mortar restaurant with a more palatable and marketable name.

**Wherefore**, the Defendant respectfully requests that this Honorable Court sustain the above-styled objections.

---

[2] The Defense is not disputing the fraudulent nature of the loan obtained for Da Trap, merely that it was a real business that served food to the community.

[3] Exhibit A; Articles of Incorporation in Florida for Da Trap LLC.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed in the United States District Court, Southern District of Florida, and delivered to the Office of the United States Attorney, via CM/ECF, on this 30th day of May, 2025.

*/s/Andrew Rier*
Andrew Rier, Esq.
Florida Bar Number: 0017132
Rierjordanlaw@rierjordanlaw.com
Law office of Rier Jordan, P.A.
10800 Biscayne Boulevard
Suite 900
Miami, Florida 33161
Telephone: (305) 899-1212
Facsimile: (305)891-2297